UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SONDRA ALLSBROOKS, Individually and as Representative of the Estate of MICHAEL ANTHONY ALLSBROOKS, Deceased, and as Next Friend of KRISTOPHER MICHAEL ALLSBROOKS, a Minor, and MIKALA ALYSSE ALLSBROOKS, Individually, MARTIN ALLSBROOKS, Individually and GUADALUPE A. STARR, Individually | § § § § § § § § § § |
| *Plaintiffs,* | § |
| AND | § § |
| CERES GULF, INC., | § § |
| *Intervenor,* | § § |
| V. | § § CIVIL ACTION NO. 4:06-CV-02245 |
| ZACHRY CONSTRUCTION CORPORATION, ZACHRY CONSTRUCTION CORPORATION (SAN ANTONIO), ZACHRY CONSTRUCTION CORPORATION D/B/A ZACHRY BAYPORTEAM, RIGGING INTERNATIONAL and GREGORY GENE GARSIDE | § § § § § § § § § § |
| *Defendants.* | § § |

## FINAL JUDGMENT

The above cause came on for hearing on October 5, 2006. The plaintiffs in this cause are

SONDRA ALLSBROOKS, Individually and as Representative of the Estate of MICHAEL

ANTHONY ALLSBROOKS, Deceased, and as Next Friend of KRISTOPHER MICHAEL

ALLSBROOKS, a Minor; MIKALA ALYSSE ALLSBROOKS, Individually; MARTIN

ALLSBROOKS, Individually; and GUADALUPE A. STARR, Individually (collectively, "Plaintiffs"). The defendants are ZACHRY CONSTRUCTION CORPORATION, ZACHRY CONSTRUCTION CORPORATION (SAN ANTONIO), ZACHRY CONSTRUCTION CORPORATION D/B/A ZACHRY BAYPORTEAM, RIGGING INTERNATIONAL and GREGORY GENE GARSIDE (collectively, "Defendants"). The interenvor is CERES GULF, INC. ("Ceres").

Plaintiff SONDRA ALLSBROOKS, in all of her above-named capacities, appeared in person and by attorney, and KRISTOPHER MICHAEL ALLSBROOKS, a Minor, appeared in person, through his next friend, and by attorney. Kathleen Hopkins Alsina, a member in good standing of the State Bar of Texas, appeared as guardian ad litem. The Defendants and Ceres appeared by and through their respective attorneys of record.

At the commencement of the hearing, all parties jointly moved the Court for a dismissal, with prejudice, of Defendants ZACHRY CONSTRUCTION CORPORATION, ZACHRY CONSTRUCTION CORPORATION (SAN ANTONIO), ZACHRY CONSTRUCTION CORPORATION D/B/A ZACHRY BAYPORTEAM. The Court hereby **GRANTS** that motion and **ORDERS** that Defendants ZACHRY CONSTRUCTION CORPORATION, ZACHRY CONSTRUCTION CORPORATION (SAN ANTONIO), ZACHRY CONSTRUCTION CORPORATION D/B/A ZACHRY BAYPORTEAM are **DISMISSED WITH PREJUDICE**.

Having entered the foregoing dismissal, the Court now finds that it has subject matter jurisdiction over this lawsuit and personal jurisdiction over the remaining parties.

All remaining parties announced ready for trial. No jury having been demanded, all matters of fact and things in controversy were submitted to the Court.

After considering the pleadings, evidence, and arguments of counsel, the Court is of the opinion and finds that the liability of Defendants RIGGING INTERNATIONAL and GREGORY GENE GARSIDE is uncertain, doubtful, and disputed; that the Plaintiffs and the guardian ad litem are fully informed with respect to the facts of liability, the doubtful and disputed nature of the cause of action, and the nature and extent of the damages claimed; and that, with the knowledge of the cause of action as set forth above, the parties have agreed to compromise and settle the cause of action for a sum certain in full settlement of the respective claims of the parties.

The court is further of the opinion that the agreement to compromise and settle all claims, demands, and causes of action is reasonable, fair, just, and in the best interest of KRISTOPHER MICHAEL ALLSBROOKS, a Minor.   Therefore, the Court approves the compromise agreement.

The Court is further of the opinion and finds that the Plaintiffs are entitled to certain sums in full settlement of all claims of the Plaintiffs against Defendants RIGGING INTERNATIONAL and GREGORY GENE GARSIDE by reason of the pain and suffering sustained as a result of the occurrence made the basis of this suit.

It is, therefore, **ORDERED** that the following Plaintiffs have and recover from Defendants RIGGING INTERNATIONAL and GREGORY GENE GARSIDE the following sums, from which sums will be paid all attorney's fees due and owing to Jamail & Kolius, attorneys for the Plaintiffs:

SONDRA ALLSBROOKS, Individually
and as Representative of the Estate of
MICHAEL ANTHONY ALLSBROOKS,
Deceased, the sum of                              $ 1,504,000.00

3

| | |
|---|---|
| KRISTOPHER MICHAEL ALLSBROOKS, a Minor (suing herein by and through his next friend), the sum of | $350,000.00 |
| MIKALA ALYSSE ALLSBROOKS, Individually, the sum of | $350,000.00 |
| MARTIN ALLSBROOKS, Individually, the sum of | $550,000.00 |
| GUADALUPE A. STARR, Individually the sum of | $550,000.00 |

It is further **ORDERED** that CERES GULF, INC., in full satisfaction of its lien, have and recover from Defendants RIGGING INTERNATIONAL and GREGORY GENE GARSIDE, the sum of $46,000.

It is further **ORDERED** that Defendants RIGGING INTERNATIONAL and GREGORY GENE GARSIDE shall purchase contracts from Metropolitan Life Insurance Company and Prudential Insurance Company of America to guarantee and provide the periodic payments to the Plaintiffs as set out on Exhibit A to this Final Judgment, which is incorporated into this Final Judgment by reference the same as if set forth herein verbatim.

The Court finds that Defendants RIGGING INTERNATIONAL and GREGORY GENE GARSIDE have agreed to purchase from Metropolitan Life Insurance Company and Prudential Insurance Company of America the annuity contracts described in Exhibit A; that Metropolitan Life Insurance Company is licensed to write annuity contracts in Texas and has a minimum of One Million Dollars of capital and surplus and has an A.M. Best rating of A+, a Standard and Poors rating of AA, and a Moody's Investor's Services rating of Aa2; that Prudential Insurance Company of America has an A.M. Best rating of A+, a Standard and Poors rating of AA-, and a Moody's Investor's Services rating of Aa3; and, therefore, the annuity contracts meet the requirements of Texas Property Code Sections 142.008 and 142.009.  The Court further finds

4

that the contracts are the exclusive property of Defendants RIGGING INTERNATIONAL and GREGORY GENE GARSIDE.

The sum of $_____, set as the fee for Kathleen Hopkins Alsina as guardian ad litem in this proceeding, is taxed against Defendants RIGGING INTERNATIONAL and GREGORY GENE GARSIDE.

All other costs of court shall be taxed against the party incurring ~~same~~ them.

The Court further orders that this Judgment be fully and finally paid by or on behalf of the above named Defendants, and all annuities funded, on or before October 30, 2006, or ~~let~~ execution will lie.

It is further ORDERED that any relief requested in this suit but not ~~herein~~ granted is denied. This is a final judgment that disposes of all parties and all issues and is appealable.

SIGNED this ___7th___ day of ___Oct___, 2006.

_____
UNITED STATES DISTRICT JUDGE

APPROVED:

Joseph A. Ziemianski
Attorney in Charge
Southern District of Texas Bar No. 25915
Texas State Bar No. 00797732
jziemianski@cozen.com

OF COUNSEL:
Bryan P. Vezey
Southern District of Texas Bar No. 19217
Texas State Bar No. 00788583
bvezey@cozen.com

COZEN O'CONNOR
One Houston Center
1221 McKinney, Suite 2900
Houston, TX 77010
Telephone: (832) 214-3900
Telecopier: (832) 214-3905

ATTORNEYS FOR DEFENDANTS,
RIGGING INTERNATIONAL AND
GREGORY GENE GARSIDE

Joseph D. Jamail
Attorney in Charge
Southern District of Texas Bar No. 1364
Texas State Bar No. 10536000

OF COUNSEL:
Janet P. Hansen
Southern District of Texas Bar No. 3501
Texas State Bar No. 01933600

JAMAIL AND KOLIUS
500 Dallas, Suite 3434
Houston, Texas 77002
Telephone: (713) 651-3000
Telecopier: (713) 651-1957

ATTORNEYS FOR PLAINTIFFS

6

_____

Edwin Sullivan
Attorney in Charge
Southern District of Texas Bar No. 20013
Texas State Bar No. 24003024

OF COUNSEL:
Seyfarth Shaw LLP
700 Louisiana Street
Suite 3700
Houston, Texas 77002
Telephone: (713) 225-2300
Telecopier: (713) 225-2340

ATTORNEYS FOR INTERVENOR,
CERES GULF, INC.


_____

Robert D. Brown
Attorney in Charge
Southern District of Texas Bar No. 12854
Texas State Bar No. 03164715

OF COUNSEL:
Donato, Minx & Brown, P.C.
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027-7525
Telephone: (713) 877-1122
Telecopier: (713) 877-1138

ATTORNEYS FOR DEFENDANTS,
ZACHRY CONSTRUCTION CORPORATION,
ZACHRY CONSTRUCTION CORPORATION (SAN ANTONIO), ZACHRY
CONSTRUCTION CORPORATION D/B/A ZACHRY BAYPORTEAM

7

# Exhibit A
# Allsbrooks

1.0    Definitions:

    1.1    "Annuity Issuers" herein shall mean Metropolitan Life Insurance Company and The Prudential Insurance Company of America

    1.2    "Assignee" herein shall mean MetLife Tower Resources Group, Inc. and Prudential Assigned Settlement Services Corporation

2.0    Periodic Payments made according to the schedule as follows (the "Periodic Payments"):

    2.1    Periodic Payments payable to Sondra Allsbrooks (the "Plaintiffs and Payees") through Annuity Issuer, Metropolitan Life Insurance Company, rated A+ Class XV by AM Best, AA by Fitch, AA by Standard & Poor's and Aa2 by Moody's.

        $    9,333.69   Payable monthly for twenty (20) years certain and Life.
                           Benefits commence on 12/01/2006 with the last guaranteed payment on 11/01/2026.

        $  500,000.00   Lump sum payable at age 67 (05/11/2031).

    2.2    Periodic Payments payable to Sondra Allsbrooks (the "Plaintiffs and Payees") through Annuity Issuer, The Prudential Insurance Company of America, rated A+ Class XV by AM Best, AA by Fitch, AA- by Standard & Poor's and Aa3 by Moody's.

        $    3,364.82   Payable monthly for twenty (20) years certain and Life.
                           Benefits commence on 11/01/2006 with the last guaranteed payment on 10/01/2026.

        $   50,000.00   Lump sum payable at age 45 (05/11/2009).

        $ 1,000,000.00   Lump sum payable at age 67 (05/11/2031).

    2.3    Periodic Payments payable to Mikala Allsbrooks (the "Plaintiffs and Payees") through Annuity Issuer, The Prudential Insurance Company of America, rated A+ Class XV by AM Best, AA by Fitch, AA- by Standard & Poor's and Aa3 by Moody's.

        $  10,000.00   Lump sum payable on 12/01/2006.

        $   8,000.00   Lump sum payable on 06/01/2007.

        $   2,000.00   Payable monthly for two (2) years certain only.
                           Benefits commence 06/01/2007 with the last guaranteed payment on 05/01/2009.

        $   7,000.00   Payable semi-annually for two (2) years certain only.
                           Benefits commence 07/15/2007 with the last guaranteed payment on 01/15/2009.

        $   2,805.00   Payable monthly for thirty (30) years certain and Life.
                           Benefits commence on 06/01/2009 with the last guaranteed payment on 05/01/2039.

        $  50,000.00   Lump sum payable at age 23 (02/13/2010).

        $  50,000.00   Lump sum payable at age 28 (02/13/2015).

1

2.4    Periodic Payments payable to Kristopher Allsbrooks (the "Plaintiffs and Payees") through
Annuity Issuer, Metropolitan Life Insurance Company, rated A+ Class XV by AM Best, AA by
Fitch, AA by Standard & Poor's and Aa2 by Moody's.

$      500.00    Payable monthly for one (1) year certain only.
Benefits commence 06/01/2008 with the last guaranteed payment on 05/01/2009.

$    3,500.00    Payable semi-annually for one (1) year certain only.
Benefits commence 07/15/2008 with the last guaranteed payment on 01/15/2009.

$   10,000.00    Lump sum payable on 06/01/2009.

$    2,000.00    Payable monthly for three (3) years certain only.
Benefits commence 07/01/2009 with the last guaranteed payment on 06/01/2012.

$    7,000.00    Payable semi-annually for three (3) years certain only.
Benefits commence 07/15/2009 with the last guaranteed payment on 01/15/2012.

$    3,272.91    Payable monthly for thirty (30) years certain and Life.
Benefits commence on 07/01/2012 with the last guaranteed payment on 06/01/2042.

$   50,000.00    Lump sum payable at age 23 (11/03/2012).

$   50,000.00    Lump sum payable at age 28 (11/03/2017).

3.0    Payees' Right to Payments

Defendants shall not segregate or set aside any of its assets to fund the payments to the Plaintiffs and
Payees required herein.  Plaintiffs and Payees acknowledge and agrees that neither the Periodic Payments
nor any rights thereto or interest therein (collectively, "Payment Rights") can be:

(a)    accelerated, deferred, increased or decreased by the Plaintiffs and Payees;

(b)    sold, mortgaged, assigned, pledged, hypothecated or otherwise transferred or encumbered, either
directly or indirectly, by the Plaintiffs and Payees unless such sale, assignment, pledge,
hypothecation or other transfer or encumbrance (any such transaction being hereinafter referred to
as a "Transfer") has been approved in advance in a "qualified order" as outlined in Section 5891
(b)(2) of the Internal Revenue Code of 1986, as amended (a "Qualified Order"), and approved by
a court of competent jurisdiction and otherwise complies with applicable state law, including
without limitation any and all applicable state structured settlement protection statues.

Plaintiffs and Payees, shall not have the power to affect a Transfer of Payment Rights except as provided
in subparagraph (b) above, and any other purported Transfer of Payment Rights shall be wholly void.

All sums paid pursuant to this Release, Settlement and Indemnification Agreement constitute damages on
account of personal injuries or physical injuries or physical sickness within the meaning of Section 104 of
the Internal Revenue Code of 1986, as amended, arising from personal injuries or physical injuries or
physical sickness that resulted from the claims and allegations made in the litigation, and no portion of the
proceeds paid under this Release, Settlement and Indemnification Agreement represent exemplary,
punitive, nor non-physical injuries.

3.0    Beneficiary Designation

4.1   Sondra Allsbrooks Beneficiary Designation

Should any Periodic Payments remain after the death of Sondra Allsbrooks, pursuant to the terms of this Release, Settlement and Indemnification Agreement, the Annuity Issuers, Metropolitan Life Insurance Company and The Prudential Insurance Company of America, or the Assignees, MetLife Tower Resources Group, Inc. and Prudential Assigned Settlement Services Corporation shall then make the Periodic Payments to her daughter, Mikala Allsbrooks (DOB: 02/13/1987). Should Mikala Allsbrooks predecease Sondra Allsbrooks, any remaining Periodic Payments shall then be made payable to her son, Kristopher Allsbrooks (DOB: 11/03/1989).

If Mikala Allsbrooks and Kristopher Allsbrooks both predecease Sondra Allsbrooks, the Annuity Issuers, or the Assignee shall distribute the remaining Periodic Payments to the legal heirs of Sondra Allsbrooks in accordance with laws of the state of Texas or the state of which Sondra Allsbrooks resides.

The Assignees shall not make any payments to any "lineal descendants or legal heirs" that are not specifically named above until a Court of proper probate jurisdiction has made a Determination of Heirship, Declaration of Heirship, Declaratory Judgment, or other appropriate finding as to who are the proper "lineal descendants or legal heirs" entitled to receive payments from the annuity contract and the Order from the Court has been provided to the Annuity Issuers or the Assignees.

Neither such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the Annuity Issuers, Metropolitan Life Insurance Company and The Prudential Insurance Company of America, or the Assignees, MetLife Tower Resources Group, Inc. and Prudential Assigned Settlement Services Corporation. The designation and revocation must be in writing or in a form acceptable to the Annuity Issuer or the Assignee before such payments are made.

4.2   Mikala Allsbrooks Beneficiary Designation

Should any Periodic Payments remain after the death of Mikala Allsbrooks, pursuant to the terms of this Release, Settlement and Indemnification Agreement, then such guaranteed payments shall be made to such person or entity as shall be designated in writing by Mikala Allsbrooks, to the Annuity Issuer, The Prudential Insurance Company of America, or the Assignee, Prudential Assigned Settlement Services Corporation. If no person or entity is so designated by Mikala Allsbrooks, or if the designated predeceases Mikala Allsbrooks, such payments shall be made to the legal heirs of Mikala Allsbrooks in accordance with laws of the state of Texas or the laws of the state in which Mikala Allsbrooks resided.

The Assignee shall not make any payments to any "lineal descendants or legal heirs" that are not specifically named above until a Court of proper probate jurisdiction has made a Determination of Heirship, Declaration of Heirship, Declaratory Judgment, or other appropriate finding as to who are the proper "lineal descendants or legal heirs" entitled to receive payments from the annuity contract and the Order from the Court has been provided to the Annuity Issuer or the Assignee.

Neither such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the Annuity Issuer, The Prudential Insurance Company of America, or the Assignee, Prudential Assigned Settlement Services Corporation. The designation and revocation must be in writing or in a form acceptable to the Annuity Issuer or the Assignee before such payments are made.

4.3     Kristopher Allsbrooks Beneficiary Designation

Should any Periodic Payments remain after the death of Kristopher Allsbrooks, pursuant to the terms of this Release, Settlement and Indemnification Agreement, then such guaranteed payments shall be made to such person or entity as shall be designated in writing by Kristopher Allsbrooks, upon reaching the age of majority, to the Annuity Issuer, Metropolitan Life Insurance Company, or the Assignee, MetLife Tower Resources Group, Inc.  If no person or entity is so designated by Kristopher Allsbrooks, or if the designated predeceases Kristopher Allsbrooks, such payments shall be made to the legal heirs of Kristopher Allsbrooks in accordance with laws of the state of Texas or the laws of the state in which Kristopher Allsbrooks resided.

The Assignee shall not make any payments to any "lineal descendants or legal heirs" that are not specifically named above until a Court of proper probate jurisdiction has made a Determination of Heirship, Declaration of Heirship, Declaratory Judgment, or other appropriate finding as to who are the proper "lineal descendants or legal heirs" entitled to receive payments from the annuity contract and the Order from the Court has been provided to the Annuity Issuer or the Assignee.

Neither such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the Annuity Issuer, Metropolitan Life Insurance Company, or the Assignee, MetLife Tower Resources Group, Inc.  The designation and revocation must be in writing or in a form acceptable to the Annuity Issuer or the Assignee before such payments are made.

5.0     Consent to Qualified Assignment

5.1     Plaintiffs and Payees acknowledge and agrees that the Defendants may make a "qualified assignment", within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the Defendants liability to make the Periodic Payments as set forth in Section 2.1 - 2.4 to the Assignees.  The Assignees' obligation for payment of the Periodic Payments shall be no greater than that of Defendants (whether by judgment or agreement) immediately preceding the assignment of the Periodic Payments obligation.

5.2     Any such assignment, if made, shall be accepted by the Plaintiffs and Payees without right of rejection and shall completely release and discharge the Defendants from the Periodic Payments obligation assigned to the Assignee.  The Plaintiffs and Payees recognize that, in the event of such an assignment, the Assignee shall be the sole obligor with respect to the Periodic Payments obligation, and that all other releases with respect to thereupon become final, irrevocable and absolute.

6.0     Right to Purchase an Annuity

The Defendants, itself, or through its Assignees reserve the right to fund the liability to make the Periodic Payments through the purchase of an annuity policy from Annuity Issuers.   The Assignees shall be the sole owner of the annuity policies and shall have all rights of ownership.  The Defendants or the Assignee may have Annuity Issuers mail payments directly to the Payees.  The Plaintiffs and Payees shall be responsible for maintaining a current mailing address for Payees with Annuity Issuers.

7.0     Discharge of Obligation

The obligation of the Defendants and/or Assignees to make each Periodic Payment shall be discharged upon the mailing of a valid checks in the amount of such payments to the designated address of the Payees named in this Settlement Agreement and Release.

**Acknowledged and Agreed:**


_____          _____
Sondra Allsbrooks, Individually and as Next Friend of          Date
Kristopher Allsbrooks, a Minor


_____          _____
Mikala Allsbrooks, Individually                    Date